**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

ALFRED TRIPPETT, on behalf of himself and all others similarly situated,   :   Case no.  1:26-cv-2113

Plaintiffs,   :

v.   :   **CLASS ACTION COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

JOHN DERIAN COMPANY, INC.,   :

Defendant.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

## **INTRODUCTION**

1. Plaintiff, Alfred Trippett (hereinafter "Plaintiff"), brings This action on behalf of himself and all other persons similarly situated against John Derian Company, Inc. (hereinafter "Defendant"), and states as follows:

2. Plaintiff is legally blind and relies on screen-reading software to access websites.

3. Defendant owns and operates the website https://www.johnderian.com (the "Website"), which allows consumers to browse and purchase decorative home décor products.

4. The Website contains accessibility barriers that prevent blind users from independently navigating the site, reviewing product information, and completing purchases.

5. Because of these barriers, Plaintiff was denied full and equal access to the goods and services offered through the Website.

1

6. Defendant's failure to provide an accessible website violates the Americans with Disabilities Act, the New York State Human Rights Law, the New York Civil Rights Law, and the New York City Human Rights Law.

7. Plaintiff seeks injunctive relief requiring Defendant to make the Website accessible, as well as damages and other relief permitted by law.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

13. The Court has supplemental jurisdiction over Plaintiff's state and local law claims pursuant to 28 U.S.C. § 1367, including claims brought under the New York State Human Rights Law, the New York Civil Rights Law, and the New York City Human Rights Law.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts business within this District and Plaintiff attempted to access the Website from within this District.

15. Defendant markets and sells products to consumers located in New York through the Website and therefore purposefully directs commercial activity toward residents of this District.

16. A substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

17. Plaintiff Alfred Trippett is, and at all relevant times has been, a resident of Bronx County, New York.

18. Plaintiff is legally blind and uses screen-reading software, including NVDA, to access websites and online content.

19. Defendant JOHN DERIAN COMPANY, INC. is a New York corporation with its principal place of business located at 6 East Second Street, New York, New York 10003.

20. Defendant owns, operates, and maintains the website located at https://www.johnderian.com (the "Website").

21. Through the Website, Defendant offers decorative home décor products for sale to the public, including decorative plates and related items.

22. The Website is a place of public accommodation within the meaning of the Americans with Disabilities Act.

## NATURE OF THE CASE

23. Blind individuals access websites using screen-reading software that converts visual content on a computer screen into speech.

24. For screen-reading software to function properly, website content must be coded so that information displayed visually can also be interpreted as text.

25. When websites are not properly structured or labeled, screen-reading software cannot interpret the content, preventing blind users from accessing the same information available to sighted users.

26. Plaintiff uses NVDA screen-reading software to access websites.

27. The World Wide Web Consortium has established the Web Content Accessibility Guidelines ("WCAG"), which provide widely accepted standards for making websites accessible to individuals with disabilities.

28. These standards include basic accessibility measures such as providing alternative text for images, labeling interactive elements, and ensuring that website functions can be performed using a keyboard.

29. Defendant operates an online retail website through which consumers may browse and purchase decorative home décor products.

30. However, the Website contains accessibility barriers that prevent blind individuals using screen-reading software from independently navigating the site and accessing the products offered for sale.

31. As a result, blind users are denied the same opportunity as sighted users to browse products, review descriptions, and complete purchases through the Website.

32. Unless Defendant remedies these accessibility barriers, blind individuals will continue to be denied equal access to the goods and services offered through the Website.

**FACTUAL ALLEGATIONS**

33. Defendant owns, operates, and controls the Website and offers its products for sale to consumers throughout New York and the United States.

34. The Website functions as an online retail store through which consumers may browse and purchase decorative home décor products, including decorative plates and related items.

35. Customers use the Website to view product images, review product descriptions, and complete purchases.

36. The Website contains accessibility barriers that prevent full and equal use by blind individuals who rely on keyboard navigation and screen-reading software.

37. When visiting the Website, Plaintiff used NVDA screen-reading software and encountered barriers that prevented him from independently accessing the Website.

38. Among other issues, the Website failed to present all homepage content in a format readable by screen-reading software.

39. Product images and descriptions were not properly labeled, making it difficult for Plaintiff to distinguish between products offered for sale.

40. Navigation menus were not properly announced by the screen reader, including dropdown menus that did not indicate when a user had entered the menu.

41. While attempting to navigate product pages and purchasing controls, keyboard focus shifted to elements behind the active product window, interfering with Plaintiff's ability to proceed with the transaction.

42. Automated accessibility testing of the Website also identified accessibility violations including images without alternative text, links without descriptive labels, and form fields lacking accessible names.

43. On or about January 14, 2026, Plaintiff visited the Website with the intention of browsing and purchasing decorative home décor products.

44. Plaintiff was particularly interested in purchasing decorative plates offered on the Website, including a Web Large Plate and a Big Apple Plate.

45. Because of the accessibility barriers present on the Website, Plaintiff was unable to independently review product information or complete a purchase.

46. Plaintiff visited the Website again on or about March 12, 2026 and encountered the same accessibility barriers.

47. Plaintiff intends to return to the Website to purchase products once the accessibility barriers are removed.

48. Unless Defendant remedies these barriers, Plaintiff will continue to be denied equal access to the goods and services offered through the Website.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of himself and all others similarly situated and seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: all legally blind individuals in the United States who have attempted to access the Website and who, as a result of accessibility barriers, have been denied full and equal access to the goods and services offered through the Website during the relevant statutory period.

42. Plaintiff also seeks certification of the following New York subclass pursuant to Rule 23(a), 23(b)(2), and alternatively 23(b)(3): all legally blind individuals in New York State who have attempted to access the Website and who, as a result of accessibility barriers, have been denied full

and equal access to the goods and services offered through the Website during the relevant statutory period.

43. The members of the proposed class are so numerous that joinder of all members is impracticable.

44. This action arises from Defendant's policy and practice of maintaining a website that contains accessibility barriers preventing blind individuals from independently accessing the goods and services offered through the Website.

45. There are common questions of law and fact including whether the Website constitutes a place of public accommodation and whether Defendant's failure to maintain an accessible website violates federal, state, and local disability discrimination laws.

46. Plaintiff's claims are typical of the claims of the members of the class because Plaintiff, like all class members, is legally blind and was denied equal access to the Website due to accessibility barriers.

47. Plaintiff will fairly and adequately represent the interests of the class and is represented by counsel experienced in disability rights and class action litigation.

48. Class certification is appropriate under Rule 23(b)(2) because Defendant has acted on grounds generally applicable to the class, making injunctive and declaratory relief appropriate for the class as a whole.

49. Alternatively, certification is appropriate under Rule 23(b)(3) because common questions predominate over individual issues and a class action is the superior method for resolving these claims.

## <u>FIRST CAUSE OF ACTION</u>

*(Violation of 42 U.S.C. §§ 12181 et seq. – Title III of the Americans with Disabilities Act)*

48. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

49. Title III of the Americans with Disabilities Act provides that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods and services of any place of public accommodation.

50. The Website is a sales establishment and place of public accommodation within the meaning of the ADA.

51. Defendant owns, operates, and maintains the Website and is therefore subject to Title III of the ADA.

52. Under the ADA, discrimination includes failing to make reasonable modifications in policies, practices, or procedures when necessary to provide individuals with disabilities access to goods and services, unless doing so would fundamentally alter the nature of those goods and services.

53. Discrimination also includes failing to take steps necessary to ensure that individuals with disabilities are not excluded or treated differently because of the absence of auxiliary aids and services.

54. There are readily available accessibility standards for websites, including the Web Content Accessibility Guidelines.

55. Implementing basic accessibility features such as alternative text for images, labeled navigation elements, and keyboard-accessible functionality would not fundamentally alter Defendant's business and would not impose an undue burden.

56. Defendant has failed to make the Website accessible to blind individuals.

57. As a result, Plaintiff and other blind users have been denied full and equal access to the goods and services offered through the Website.

58. Defendant's conduct violates Title III of the Americans with Disabilities Act.

59. These violations are ongoing.

60. Unless Defendant is required to remedy the accessibility barriers on the Website, Plaintiff will continue to suffer discrimination and irreparable harm.

61. Plaintiff is therefore entitled to injunctive relief as well as reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

*(Violation of New York State Human Rights Law, N.Y. Exec. Law Article 15 (Executive Law § 292 et seq.))*

62. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

63. The New York State Human Rights Law prohibits discrimination on the basis of disability in places of public accommodation.

64. The Website is a place of public accommodation within the meaning of the New York State Human Rights Law.

65. Defendant owns, operates, and maintains the Website and is therefore subject to the requirements of the statute.

66. By maintaining a website that is inaccessible to blind individuals, Defendant has denied Plaintiff full and equal access to the goods and services offered through the Website.

67. Defendant's conduct constitutes unlawful discrimination on the basis of disability in violation of the New York State Human Rights Law.

68. These violations are ongoing.

69. Plaintiff is therefore entitled to injunctive relief, compensatory damages, and reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION

*(Violation of New York State Civil Rights Law,*
*NY CLS Civ R, Article 4 (CLS Civ R § 40 et seq.))*

78. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

79. Plaintiff will serve notice of this action upon the Attorney General of the State of New York as required by N.Y. Civil Rights Law § 41.

80. New York Civil Rights Law § 40 guarantees individuals full and equal access to places of public accommodation without discrimination based on disability.

81. The Website is a place of public accommodation within the meaning of the statute.

82. By maintaining a website that is inaccessible to blind individuals, Defendant has denied Plaintiff equal access to the goods and services offered through the Website.

83. Defendant's conduct therefore violates the New York Civil Rights Law.

84. Pursuant to N.Y. Civil Rights Law § 40-d, Defendant is liable for statutory damages for each violation.

**FOURTH CAUSE OF ACTION**

*(Violation of New York City Human Rights Law,*
*N.Y.C. Administrative Code § 8-102, et seq.)*

85. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

86. The New York City Human Rights Law prohibits discrimination on the basis of disability in places of public accommodation.

87. The Website is a place of public accommodation within the meaning of the New York City Human Rights Law.

88. Defendant owns, operates, and maintains the Website and is therefore subject to the requirements of the statute.

89. By maintaining a website that is inaccessible to blind individuals, Defendant has denied Plaintiff full and equal access to the goods and services offered through the Website.

90. Defendant has failed to make reasonable accommodations necessary to ensure that blind individuals are able to access and use the Website.

11

91. Defendant's conduct therefore constitutes unlawful discrimination in violation of the New York City Human Rights Law.

92. These violations are ongoing.

93. Plaintiff is therefore entitled to injunctive relief, compensatory damages, civil penalties, and reasonable attorneys' fees and costs as permitted by law.

## FIFTH CAUSE OF ACTION

*(Declaratory Relief)*

94. Plaintiff, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

95. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that Website contains access barriers denying blind customers the full and equal access to the goods, services and facilities of Website, which Defendant owns, operates and/or controls, fails to comply with applicable laws including, but not limited to, Title III of the American with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y. Exec. Law § 296, et seq., and N.Y.C. Administrative Code § 8-107, et seq. prohibiting discrimination against the blind.

96. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendants as follows:

a) A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y. Exec. Law § 296, et seq., and N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

b) A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its website, Website, into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that Website is readily accessible to and usable by blind individuals;

c) A declaration that Defendant owns, maintains and/or operates its website, Website, in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y. Exec. Law § 296, et seq., and N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

d) An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

e) An order directing Defendants to continually update and maintain its website to ensure that it remains fully accessible to and usable by the visually-impaired;

13

f) Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and the proposed class for violations of their civil rights under New York State Human Rights Law and City Law;

g) Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

h) For pre- and post-judgment interest to the extent permitted by law; and

i) For such other and further relief which this court deems just and proper.

Dated: Manhasset, NY

March 16, 2026

GABRIEL A. LEVY, P.C.
*Attorney for Plaintiff*

**/s/ *Gabriel A. Levy, Esq.***

By: GABRIEL A. LEVY, ESQ (5488655)
  1129 Northern Blvd, Suite 404
  Manhasset, NY 11030
  Tel: +1 347-941-4715
  Email: Glevy@glpcfirm.com